**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
Joshua J. Parker (SBN 264109)
josh.parker@bakerbotts.com
1001 Page Mill Road
Building One
Palo Alto, CA 94304
Tel: 650.739.7500
Fax: 650.739.7699

Attorneys for Defendant and
Counterclaimant
AT&T SERVICES, INC.

**ONE LLP**
Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
4000 MacArthur Boulevard
West Tower, Suite 1100
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff and Counter-
Defendant,
DIGITAL CBT LLC

[See signature page for additional counsel]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| DIGITAL CBT LLC, | CASE NO.: 2:12-cv-06421-CJC-JPR |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | **JURY TRIAL DEMANDED** |
| AT&T SERVICES, INC., | |
| Defendant | |
| AT&T SERVICES, INC., | The Honorable Cormac J. Carney United States District Court Judge |
| Counterclaimant, | |
| v. | |
| DIGITAL CBT LLC, | |
| Counterdefendant. | |

PROTECTIVE ORDER                    -1-                    CASE NO.: 2:12-cv-06421-CJC-JPR)

# AGREED PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

It is the intent of the Parties and the Court that confidential materials will not be designated "Confidential," "Highly Confidential – Attorney Eyes Only," or "Restricted Confidential Source Code" for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the Parties may seek to protect from unrestricted or unprotected disclosure include:

(a)  Information that is the subject of a non-disclosure or confidentiality agreement or obligation to a third party;

(b)  Confidential information about a Party's suppliers or vendors;

(c)  Confidential information about a Party's customers;

(d)  Confidential technical and financial information;

(e)  Non-public source code;

(f)  Confidential and competitively sensitive information related to research, design, or development of technology, products, or services;

(g)  Confidential information as to budgets, revenues, profits, costs, margins, licensing of technology, or pricing of products and services; and

(h)  Confidential information related to market analyses and business and marketing plans, strategies and forecasts.

Unrestricted or unprotected disclosure of such confidential information, which has been developed at the expense of the disclosing Party and which represents valuable tangible and intangible assets of that Party, would be likely to result in competitive prejudice, injury, or harm to the disclosing Party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, the Parties respectfully submit that there is good cause for the entry of this Protective Order.

## ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders as follows.  This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through conclusion of this action and survive termination of this action.

IT IS THEREFORE ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

1.      All documents, materials, items, and/or information produced either by a Party or Parties (or a non-Party upon request) (such Parties and non-Parties referred to as, individually, a "Producing Party") to any of the Parties in this case (a "Receiving Party") shall be governed by this Order.  For purposes of this Order, "Party" means all entities named in the above-captioned complaint as well as such entities' parent companies, subsidiary companies, and affiliated companies.  For purposes of this Order, "Non-Party" means all entities named in any subpoena giving rise to the production of documents, materials, items, and/or information governed by this Order, as well as such entities' parent companies, subsidiary

1
2
3

companies, and affiliated companies.  Nothing herein shall be construed as a waiver of any Party's right to object to the production of any document or thing.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

    2.     A Producing Party may designate any documents, materials, items, or information it produces in this action as (1) "CONFIDENTIAL," (2) "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or (3) "RESTRICTED CONFIDENTIAL SOURCE CODE" under the terms of this Order (collectively referred to herein as "Protected Information").  Absent a specific order by this Court, Protected Information shall be used by a Receiving Party solely in connection with this action and not for any other purpose whatsoever, including but not limited to any business, competitive, or governmental purpose or function or for any other litigation, and such information shall not be disclosed to anyone except as provided herein.  Any person or entity who obtains access to Protected Information or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Protected Information or any portion thereof except may be reasonably appropriate in the litigation of this action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Protected Information and subject to all of the terms and conditions of this Order.

24
25
26
27
28

    3.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a Receiving Party that a Producing Party, including any Party to this action and any non-Party producing information or material pursuant to a subpoena or a court order,

considers in good faith to constitute or to contain trade secrets or other confidential research, development, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party in a manner consistent with this Order. Any CONFIDENTIAL INFORMATION obtained by any Party from any person pursuant to discovery in this action may be used only for purposes of preparation and litigation of this action.

4.    Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party. "CONFIDENTIAL" documents, materials, items, and information may be disclosed only to the following persons, except upon receipt of the prior written consent of the Producing Party or upon order of the Court:

(a)    Outside litigation counsel and firms of record in this action and supporting personnel employed in the law firm(s) of outside litigation counsel of record (*e.g.*, attorneys, paralegals, clerks, secretaries, contract attorneys, clerical personnel) assigned to and reasonably necessary to assist in the litigation of this action ("Outside Counsel");

(b)    Up to four (4) internal counsel of Defendant who either have responsibility for making decisions dealing directly with the litigation

of this action or who are assisting Outside Counsel in preparation for proceedings in this action;

(c) Up to four (4) internal counsel of Plaintiff who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting Outside Counsel in preparation for proceedings in this action;

(d) The Court, its personnel, and its stenographic reporters;

(e) Independent legal translators retained to translate in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent court reporters and videographers retained to record and transcribe testimony given in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent copying, scanning, technical support, and electronic document processing services retained by counsel in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or trial consulting services

retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

(f)     Outside experts or consultants of the Parties (and their secretarial and clerical personnel) retained for the purpose of this action who have signed the Undertaking attached hereto as *Exhibit A*, only after compliance with the provisions of Paragraphs 11 and 12 herein.

5.     At the request of any Party, the original and all copies of any deposition transcript, including video copies, in whole or in part, shall be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" by the reporter.  This request may be made orally during the deposition or in writing within thirty (30) days of receipt of the final transcript.  However, if a Party believes in good faith that a thirty-day delay in designation of any particular deposition transcript will be prejudicial, the Party may make a written request to the other Party or any non-party deponent, citing this Paragraph 5 and asking that any confidentiality designations be provided by a specified earlier date that is not less than fifteen days after the later of the designating Party or deponent's receipt of the final transcript or the designating Party or deponent's receipt of the request for early designation.  In that event, the time for making confidentiality designations of that transcript shall

be shortened in accordance with that request.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

6.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 4 herein, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.  In the event the Producing Party elects to produce original documents or other material for inspection, no markings need be made by the Producing Party in advance of the inspection.  During the inspection, all such documents shall be considered as marked "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."  After selection by the Receiving Party of specified documents or material for copying, the Producing Party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the Receiving Party.

7.     The following information is not CONFIDENTIAL INFORMATION or Protected Information:

(a)     Any information which at the time of disclosure to a Receiving Party is in the public domain;

(b)     Any information that, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order;

PROTECTIVE ORDER                    -7-               CASE NO.: 2:12-cv-06421-CJC-JPR

(c) Any information that the Receiving Party can show was already known to it prior to this action;

(d) Any information that the Receiving Party can show was received by it, after the disclosure by the Producing Party, from a source who obtained the information lawfully, not in violation of this Order, and under no obligation of confidentiality to the Producing Party; and

(e) Any information that the Receiving Party can show was independently developed by it, after the disclosure by the Producing Party, by personnel who did not have access to the Producing Party's CONFIDENTIAL INFORMATION or Protected Information.

## **ADDITIONAL RESTRICTIONS ON CERTAIN INFORMATION**

8. To the extent a Producing Party believes that certain CONFIDENTIAL INFORMATION is so sensitive that there is a significant risk of harm to the Producing Party absent further protection, the Producing Party may designate such CONFIDENTIAL INFORMATION as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" by marking it as such prior to or at the time copies are furnished to the Receiving Party (or as required by Paragraph 6 herein for all CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in this paragraph). Documents, materials, items, and information designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" and information contained

therein shall be available only to those persons identified in sections (a), (d), (e) and (f) of Paragraph 4 herein.

9.     To the extent Protected Information includes computer source code ("Source Code Material"), the Producing Party may designate such CONFIDENTIAL INFORMATION as "RESTRICTED CONFIDENTIAL SOURCE CODE." For CONFIDENTIAL INFORMATION designated "RESTRICTED CONFIDENTIAL SOURCE CODE," the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). Except as provided in Paragraph 9(k) below, the stand-alone computer(s) will be located at a location of the Producing Party's choosing within either Los Angeles County or Orange County, or at another location acceptable to both parties;

(b) The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-

alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at a location of the Producing Party's choosing shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The Receiving Party shall not bring any recordable media devices, including cell phones with camera capabilities, computers, or cameras into the room containing the stand-alone computer with the Source Code Material. The Producing Party shall be permitted to inspect any briefcase, computer bag, hand bag, tote bag, or similar item brought into the room containing the stand-alone computer, either before or after any inspection of the Source Code Material.

(d) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(e) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f) Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to Outside

Counsel and three (3) outside consultants or experts retained for the purpose of this action and approved to access such Protected Materials pursuant to Paragraph 4(e) above.  A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the documents containing Source Code Material are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders, including Local Rule 79-5;

(g) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(h) Except as set forth in Paragraph 9(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically;

PROTECTIVE ORDER                    -11-              CASE NO.: 2:12-cv-06421-CJC-JPR

(i) The Receiving Party may request that the Producing Party provide printouts of portions of Source Code Material for the limited purpose of preparing court filings, pleadings, or papers served in this case. Printed portions of Source Code Material shall be limited to a total of 250 total pages of Source Code Material and will include no more than 20 consecutive pages of continuous Source Code Material. The Receiving Party may request up to five photocopies of the printed portions of Source Code Material. All copies of the printed portions of Source Code Material, including the original printouts, shall be securely stored and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such copies that records the identity of each individual to whom each copy containing Source Code Material is provided and when it was provided to that person. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, the Receiving Party must serve the log upon the Producing Party;

(j) Should such printouts or photocopies be transferred back to electronic media, in accordance with Paragraph 9(g) above, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

PROTECTIVE ORDER                    -12-              CASE NO.: 2:12-cv-06421-CJC-JPR

(k) If the Receiving Party's Outside Counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such Outside Counsel, consultants, or experts. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(l) Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 9(k) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

1
2
3

## DISCLOSURE TO EXPERTS AND CONSULTANTS

10.   A Party that seeks to disclose Protected Information of a Party to an outside expert or consultant (as defined in Paragraph 4(f) herein) who is actively assisting in the preparation for and/or trial of the case must, at least ten (10) days in advance of such disclosure, first provide written notice to the Producing Party that: (1) identifies the name of the expert or consultant; (2) attaches a current copy of the expert's or consultant's resume; (3) identifies each person or entity from whom the expert or consultant has received compensation for work in his or her area(s) of expertise or to whom the expert or consultant has provided professional services at any time during the preceding four (4) years; and (4) identifies (by name, case number, filing date, and location of court) any litigation in connection with which the expert or consultant has provided any professional services during the preceding four (4) years.  However, if disclosure of either the identity of the entity for which the work is being or has been performed or the subject matter of that work, or both, is deemed proprietary, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed.  The written notice required under this paragraph need not be given to non-Parties who have produced Protected Information pursuant to this Order.

11.   Any expert or consultant having access to Protected Information shall be given a copy of this Order.  Its provisions must be explained to him/her by

PROTECTIVE ORDER                      -14-                  CASE NO.: 2:12-cv-06421-CJC-JPR

counsel and such expert or consultant must agree to be bound by this Order. Before any disclosure of Protected Information occurs, such experts and consultants shall execute the Undertaking attached hereto as *Exhibit A*. Outside Counsel for the Receiving Party with whom such expert or consultant is affiliated or by whom he/she is retained shall maintain the signed *Exhibit A*.

12. A Party objecting to disclosure of Protected Information to an expert or consultant shall, within ten (10) business days of receiving the written notice contemplated by Paragraph 11 herein, state with particularity the ground(s) for the objection and the specific categories of documents that are subject to the objection. The objecting Party's consent to the disclosure of Protected Information to an expert or consultant shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Information to the expert will result in business or economic harm to that Party.

13. If, after consideration of the objection, the Party desiring to disclose the Protected Information to an expert or consultant refuses to withdraw the expert or consultant from consideration, that Party shall provide written notice to the objecting Party. Thereafter, the objecting Party shall, pursuant to L.R. 37, promptly seek a ruling from the Court on its objection. A failure to file a motion within seven (7) court days after the minimum time required to comply with the prerequisites under L.R. 37 shall operate as an approval of disclosure of the Protected Information to the expert or consultant.

PROTECTIVE ORDER                    -15-              CASE NO.: 2:12-cv-06421-CJC-JPR

14.    The Party desiring to deny Protected Information to an expert or consultant shall have the burden of showing to the Court good cause for an order prohibiting such disclosure.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

15.    The Parties will use reasonable care when designating any documents, materials, items, or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." Nothing in this Order shall prevent a Receiving Party from contending that documents, material, or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any such document, material, item, or the information contained therein.

16.    A Receiving Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written and served on counsel for the Producing Party, and shall particularly identify the documents, materials, items, and/or information that the Receiving Party contends should be differently designated. The Receiving

Party and Producing Party shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Receiving Party may file a motion under Local Rule 37-1 and 37-2 requesting that the Court cancel or modify a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" designation. Upon any such application to the Court, the burden shall be on the requesting Party to show why redesignation is proper.

## LIMITATIONS ON THE USE OF PROTECTED MATERIAL

17. Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any other purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All such information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

18. No attorney for or representing Plaintiff, whether in-house or Outside Counsel of record, nor any other person associated with Plaintiff who is permitted to receive Protected Information pursuant to Paragraphs 8 or 9(f) herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, Protected Information of Defendant designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE pursuant to Paragraphs 8 or 9 herein shall prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application, reexamination procedures, or reissue procedures for Plaintiff, or for any affiliated or related entity or person, pertaining to video processing and/or capturing ("Technical Field") or the disclosed Protected Information during the pendency of this action and for two years after the conclusion of this action, including any appeals.  Nothing in this paragraph shall be construed as a waiver of the other provisions of this Order, including but not limited to those provisions restricting the use and disclosure of Protected Information.

20.    Nothing in this Order shall preclude any Party to this lawsuit or their attorneys from (1) showing a document or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action; (2) showing a document or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to an individual who, by sworn testimony, has been identified as a recipient or author of the document; or (3) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

21.   Any person may be examined as a witness at a deposition or hearing, and may testify concerning all Protected Information of which such person has knowledge, including knowledge based on that person's appropriate or permitted review of any Protected Information from a Producing Party.  Without in any way limiting the generality of the foregoing:

(a)   If a present director, officer, and/or employee of a Producing Party is examined, he or she may testify concerning all Protected Information which has been produced by the Producing Party and/or which he or she has prior knowledge;

(b)   If a non-Party or opposing Party is examined or testifies, the non-Party or opposing Party may be examined or testify concerning any document containing Protected Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-Party or opposing Party.

22.   Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials between or among qualified recipients under the terms of this Order (1) by hand delivery, (2) in sealed envelopes via mail or delivery service, or (3) by telephone, facsimile, email, or other electronic transmission.

23.     Nothing in this Order shall be interpreted to restrict an attorney permitted to receive Protected Information pursuant to Paragraph 4, 8, or 9(f) herein from rendering legal advice to or discussing with her or his client the merits of any issue in this action as long as the specific substance or content of the Protected Information is not revealed to a person who is not qualified to receive such information under the terms of this Order.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

24.     A non-Party producing information pursuant to a subpoena or a court order may request to do so pursuant to this Order. The non-Party may designate such documents, materials, items, or information in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

25.     A non-Party's use of this Order to protect its information does not entitle that non-Party to access to Protected Information produced by any Party in this case.

## NO WAIVER OF PRIVILEGE

26.     Pursuant to Rule 502 of the Federal Rules of Evidence and Rule 26(c)(5)(B) of the Federal Rules of Civil Procedure, the disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product).

27.     Within the time agreed by the Parties or prescribed by the Court, the Parties will provide privilege logs for protected materials withheld for attorney-

client privilege or pursuant to the work product doctrine (or other privileges or doctrines). The Producing Party shall provide a privilege log for all withheld documents or other materials, including redacted materials. Nothing herein shall prevent the Receiving Party from challenging the propriety of the designation of attorney-client privilege, work product, or other designation of protection. The Parties are not required to include on their privilege logs any protected documents that came into existence after the filing date of the complaint.

## MISCELLANEOUS PROVISIONS

28. Inadvertent failure to identify documents, materials, items, or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" information pursuant to this Order shall not constitute a waiver in whole or in part of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Producing Party discovers that information should have been but was not designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," the Producing Party must immediately notify all other Parties, specifically identifying the applicable production serial numbers. The Receiving Party, having been notified of inadvertent failure to designate the Protected Information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE

CODE," shall immediately treat the Protected Information as if it were properly designated; notify any persons or entities to which it disclosed information contained in unlabeled or mislabeled documents or things before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality of said information; and make its best reasonable efforts to ensure the destruction by said persons or entities of all copies of the inadvertently produced Protected Information and any documents, information, or material derived from it or based thereon.   Within seven (7) business days of notifying all other Parties, the Producing Party must provide copies of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" information designated in accordance with this Order.  After receipt of such re-designated information, the Receiving Party shall then destroy all undesignated copies of the inadvertently produced Protected Information.

29.    Any of the notice requirements herein may be waived, in whole or in part, solely by a writing signed by an attorney of record for the Party against whom such waiver will be effective.

30.    Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party shall either return or destroy all physical objects and documents which contain Protected Information which were received from the

PROTECTIVE ORDER                    -22-            CASE NO.: 2:12-cv-06421-CJC-JPR

Producing Party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents which contain Protected Information, except that each Party's Outside Counsel may maintain all documents, things, copies, and samples to the extent they include or reflect a Receiving Party's work product.  In addition, each Party shall certify in writing to each Producing Party that such Protected Information has been returned or destroyed as required above. Notwithstanding the foregoing, Outside Counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and any work-product containing Protected Information provided, however, that any Protected Information contained in any such documents retained by Outside Counsel shall remain subject to the protections of this Order.  Notwithstanding this provision, counsel for the Parties are not required to delete information that may reside on the respective back-up systems of the firms which are over-written in the normal course of business; however, the counsel for the Parties agree that no Protected Information shall be retrieved from the electronic back-up systems after conclusion of this action.

31.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written

notice thereof to the Producing Party and to its counsel and shall provide the Producing Party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto. Nothing in this order shall preclude a Party from providing information as required by subpoena, court order, or law after making reasonable best efforts to promptly notify the Producing Party.

32.     In the event a Party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this action, the Party must request approval from the Court to file such Protected Information under seal pursuant to L.R.79-5.1. Upon approval by the Court, such Protected Information shall be filed under seal with the Court in the manner prescribed by L.R. 79-5.

33.     Nothing in this Order shall limit any Party's use of its own documents and information, nor shall it prevent any Party from disclosing its own Protected Information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

34.     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of designated material.   In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Protected Information, except as permitted by this Order.

35.     This Order shall govern as of the filing date of this lawsuit until modified or superseded by a further Order of this Court and is without prejudice to any Party moving to amend this Order at a later time.  This Order may be altered by written agreement of the Parties or, as applicable, the Parties and any non-Party. No such modification will have the force or effect of a Court order unless and until approved by the Court.

36.     This Order shall also apply to any and all documents, materials, items, and information produced and/or provided in connection with the Parties' past, present, and future settlement negotiations and/or discussions, including, but not limited to, negotiations and/or discussions covered under Rule 408 of the Federal Rules of Evidence.

//

//

//

//

PROTECTIVE ORDER                    -25-              CASE NO.: 2:12-cv-06421-CJC-JPR

1       37. This Order shall remain in full force and effect after the termination of

2   this action, or until canceled or otherwise modified by Order of this Court.

3

4

5  **So ORDERED and SIGNED this 16th day of September, 2013.**

6

7

8

9                            Hon. Jean P. Rosenbluth

10                           United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DIGITAL CBT LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>AT&T SERVICES, INC.,<br><br>              Defendant<br><br>AT&T SERVICES, INC.,<br><br>              Counterclaimant,<br><br>    v.<br><br>DIGITAL CBT LLC,<br><br>              Counterdefendant. | CASE NO.: 2:12-cv-06421-CJC-JPR<br><br>**PROTECTIVE ORDER**<br><br>**JURY TRIAL DEMANDED**<br><br><br>The Honorable Cormac J. Carney<br>United States District Court Judge |

## EXHIBIT A - UNDERTAKING

I have read and understand the Agreed Protective Order (the "Order") in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information

EXHIBIT A TO THE PROTECTIVE
ORDER
              -1-           CASE NO.: 2:12-cv-06421-CJC-JPR)

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

I shall not use or disclose any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" information to others, except in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Undertaking or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

Date: _____

     Signature:_____

                                 Printed

                                 Name:_____

                                 Address:_____

PROTECTIVE ORDER        -2-        CASE NO.: 2:12-cv-06421-CJC-JPR